IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMILY NESBITT;　　　　　　　　　　)
ALICE STANLEY;　　　　　　　　　　)
and JESSICA ADAIR,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )　　CASE NO. 3:11-0574
　　　　　　　　　　　　　　　　　)　　JUDGE SHARP/KNOWLES
　　　　　　　　　　　　　　　　　)
WILKINS TIPTON, P.A.,　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Motion to Amend the Scheduling Order and Amend the Plaintiff's [*sic*] First Amended Complaint." Docket No. 17. Plaintiffs have filed a supporting Memorandum (Docket No. 18), and Defendant has filed a Memorandum in Opposition to the Motion (Docket No. 19).

Plaintiffs, who are represented by counsel, filed this action against their former employer, on June 16, 2011. Docket No. 1. Approximately one month later, Plaintiffs filed an Amended Complaint. Docket No. 7. Plaintiffs aver that they were "para-professional employees" of Defendant law firm, and that they were subject to sexual harassment by their boss/supervisor. *Id*. Plaintiffs further aver that Defendant retaliated against them for complaints about the actions. Plaintiffs raise claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act, TCA § 4-21-101, *et seq.* Each Plaintiff seeks compensatory damages of $1 million and punitive damages of $3 million.

In the instant Motion, Plaintiffs seek to amend their Amended Complaint by adding a

state law claim for battery.

On August 8, 2011, the undersigned entered the Initial Case Management Order, which set a deadline for filing Motions to amend the pleadings of August 31, 2011.[1] Docket No. 10, p. 9. That Order also set the trial of this action for September 4, 2012. *Id.* The instant Motion, which seeks to amend the Scheduling Order and to amend the Amended Complaint, was filed September 20, 2011. Docket No. 17.

In their supporting Memorandum, Plaintiffs recognize that Fed. R. Civ. P. 16(b)(4) provides that, "A schedule [in a scheduling order] may be modified only for good cause and with the judge's consent." In addressing this requirement, however, Plaintiffs focus solely on an argument that Defendant will not be prejudiced by the amendment. Plaintiffs also make the conclusory statement that they "have not been guilty of any undue delay . . . that would cause harm to the defendant." Plaintiffs further argue that in their depositions, the testimony was unanimous that the managing partner of Defendant's Brentwood office "did not merely brush up against them as he passed by them at the office copy machine, but would do a "full pelvic thrust" against the bodies of each plaintiff. Docket No. 18, p. 2.

Defendant refers to the fact that the depositions of Plaintiffs were conducted on September 12, 14, and 19, 2011. Docket No. 19, p. 1. Plaintiffs point to their deposition testimony as establishing "egregious action" on the part of the office manager which "amounts to an offensive, unwelcome, touching which is the precise definition of battery." Docket No. 18, p. 2. It is inconceivable to the Court, however, that Plaintiffs' counsel learned of this action only

---

[1] The August 31, 2011 deadline for filing Motions to amend the pleadings was set forth in the proposed Initial Case Management Order, which was signed by both parties. Docket No. 9.

during Plaintiffs' depositions. Surely counsel discussed the facts in detail with Plaintiffs before filing the initial Complaint in this action.

Plaintiffs have not shown good cause for amending the Scheduling Order. Therefore, the instant Motion is untimely, and it should be denied on that basis alone.

Moreover, even if the Court amended the Scheduling Order and considered the Motion, the denial of leave to amend is appropriate "when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading." 6 Wright & Miller, Federal Practice & Procedure § 1488 (3d Ed. 2002). Plaintiffs plainly knew of a possible cause of action for battery at the time the original Complaint was filed. Once again, they have offered no excuse for not raising this claim earlier.

For the foregoing reasons, the instant Motion to Amend the Scheduling Order and to Amend the First Amended Complaint (Docket No. 17) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge