IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMILY NESBITT; )
ALICE STANLEY; )
and JESSICA ADAIR, )
 )
        **Plaintiffs,** )
 )
vs. ) **CASE NO. 3:11-0574**
 ) **JUDGE SHARP/KNOWLES**
 )
WILKINS TIPTON, P.A., )
 )
        **Defendants.** )

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff's "Motion to Amend Complaint to Add Additional Defendants." Docket No. 29. Plaintiffs have filed a proposed Amended Complaint (Docket No. 29-1)[1] and a supporting Memorandum (Docket No. 30). Defendant has filed a Response in Opposition to the Motion (Docket No. 36).

Plaintiffs, who are represented by counsel, filed this action against their former employer, on June 16, 2011. Docket No. 1. Approximately one month later, Plaintiffs filed an Amended Complaint. Docket No. 7. Plaintiffs aver that they were "para-professional employees" of Defendant law firm, and that they were subject to sexual harassment by their boss/supervisor, Jay McLemore. *Id.* Plaintiffs further aver that Defendant retaliated against them for complaints

---

[1] The proposed Amended Complaint submitted with the instant Motion does not add any additional Defendants. Instead, it adds a claim for battery. It appears that the document submitted with the instant Motion is an exact copy of a proposed Amended Complaint that Plaintiffs previously sought to file. Docket No. 29-1. The Court has entered a Report and Recommendation recommending that the previous Motion to Amend be denied. Docket No. 43.

about the actions. Plaintiffs raise claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act, TCA § 4-21-101, *et seq.* Each Plaintiff seeks compensatory damages of $1 million and punitive damages of $3 million.

Plaintiffs now seek to amend their Amended Complaint by adding two additional Defendants, Joseph Wilkins and G. W. Flinn, who are identified as "members of the defendant law firm . . . ." Docket No. 29, p. 1. Plaintiffs state:

> When the plaintiffs originally filed this lawsuit, it was due to the sexually hostile behavior of one Jay McLemore. McLemore was a member of the [defendant law] firm and worked in the Brentwood, Tennessee office of the defendant. After complaining to the Jackson, Mississippi office of the defendant, both Flynn and Wilkins committed acts which amount to aiding and abetting of the aforementioned sexually hostile work environment as articulated in the Plaintiffs' proposed Amended Complaint. The addition of Wilkins and Flynn will avoid the multiplicity of litigation and foster judicial economy.

Docket No. 29, p. 1-2.

Plaintiffs generally rely upon the liberal amendment provisions of Fed. R. Civ. P. 15(a). Inexplicably, Plaintiffs also argue:

> In the case, *sub judicie*, all depositions have been completed and the trial in this case is set for September 2012 which will not cause an undue delay to the progression of this case [*sic*]. Finally, the addition of these parties will not cause undue prejudice to the opposing party and can not be characterized as futile.

Docket No. 30, p. 2-3.

Defendant opposes the instant Motion on several grounds. First, Defendant points out that the Motion was filed five (5) months after the deadline for filing Motions to amend the pleadings, which was set forth in the Scheduling Order. Docket No. 10. Defendants further argue that "adding parties to the lawsuit after the depositions of the key fact witnesses have been

concluded, and within a few weeks of the discovery deadline [which expired February 28, 2012] certainly presents undue prejudice for Defendant . . . ." Docket No. 36, p. 4. Defendant also argues that Plaintiffs' initial Complaint, which was filed on June 16, 2011, and Plaintiffs' first Amended Complaint, which was filed on July 11, 2011, both allege that Defendant, through G. W. Flinn, conducted a pretextual investigation of the allegations, but that neither pleading sought to name or to add Mr. Flinn or Mr. Wilkins as a Defendant. Docket No. 36, p. 4.

The Court has recommended that a previous Motion to Amend filed by Plaintiffs be denied. Docket No. 43. For the same reasons set forth in that Report and Recommendation, the instant Motion should be denied.[2]

Moreover, the instant Motion should be denied because it is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs cannot recover against Mr. Flinn or Mr. Wilkins under Title VII because Title VII does not provide for individual employee/supervisor liability. *Wathen v. General Electric Company*, 115 F.3d 400 (6th Cir. 1997). Additionally, "the THRA generally does not impose individual liability on supervisors or coworkers." *Rhea v. Dollar Tree Stores, Inc.,* 395 F. Supp. 2d 696, 705 (W.D. Tenn. 2005) *citing Carr v. United Parcel Serv.*, 955 S.W. 2d 832 (Tenn. 1997), *overruled on other grounds, Parker v. Warren County Util. Dist.,* 2 S.W. 3d 170 (Tenn. 1999). While the THRA does provide liability for "an individual who aids, abets, and cites, compels, or commands an employer to engage in" any discriminatory acts or practices, "aiding and abetting" is not defined in the THRA. *Id*. *See* TCA § 4-21-301(2). Thus, the

---

[2] In the prior situation, Plaintiffs did seek an amendment of the Scheduling Order to allow for the late filing of that Motion. Docket No. 17. In the instant situation, however, Plaintiffs have not sought an extension of the deadline for filing Motions to amend the pleadings, which expired five (5) months before the filing of the instant Motion.

Tennessee Supreme Court applies the common law theory of aiding and abetting, which requires that "the individual defendant know that the employer's conduct constituted a breach of duty and give substantial assistance or encouragement to the employer in its discriminatory acts." *Id*. (Citation omitted.) A mere failure to act is insufficient to attach liability under the THRA, which requires "affirmative conduct by the individual defendant." *Id*. (Citation omitted.) Furthermore, "Liability . . . . is not imposed based on the individual defendant's own discriminatory acts; it requires distinct conduct that aids or abets discrimination by the employer, as when, for example, the individual defendant prevents the employer from taking corrective action." *Id*. (Citations omitted.)

Thus, Plaintiffs cannot state a claim against Mr. Flinn or Mr. Wilkins simply because they may be supervisors.

While Plaintiffs have not submitted a proposed Amended Complaint that provides specific allegations against Mr. Flinn and Mr. Tipton, their supporting Memorandum avers that Mr. Flinn commenced a "pretextual investigation" of Plaintiffs' concerns. They also aver that Plaintiff Alice Stanley "was told by Mr. Flinn that if she didn't like the practices of their firm, and could not handle the situation 'it might not be a good fit,' and she should look for a new job." *Id*. Plaintiffs further aver that Mr. Wilkins told Ms. Nesbitt "that if she was upset/fed-up with McLemore's aggressive or offensive conduct she should find another job." Docket No. 29-1, p. 9.

These allegations, however, do not establish aiding and abetting liability under the THRA, because these acts are not distinct conduct that aided or abetted the alleged hostile work environment sexual harassment.

Moreover, Plaintiffs' reference to a "pretextual investigation" is somewhat confusing. The concept of pretext is relevant in a discrimination case in which there is no direct evidence of intentional discrimination and in which a plaintiff attempts to prove her case by circumstantial evidence that creates an inference of discrimination. *See DiCarlo v. Potter,* 358 F.3d 408, 414-15 (6th Cir. 2004). In the latter case, a Court applies a three-step burden shifting analysis under which: (1) plaintiff must set forth a prima facia case of discrimination; (2) the burden of production shifts to the employer to articulate a legitimate non-discriminatory reason for its actions; and (3) if the employer carriers this burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination.[3] *Id*. Where a plaintiff shows direct evidence of discriminatory animus, however, this burden-shifting test is not applied. *Id*. at 415.

In the case at bar, Plaintiffs raise a claim for hostile work environment sexual harassment. Thus, there is direct evidence of intentional discrimination/sexual harassment, and the concept of "pretext," as it is usually understood in employment discrimination law, has no application. Based on the allegations before the Court, even if Mr. Flinn conducted a pretextual investigation, that investigation did not constitute aiding and abetting.

For the foregoing reasons, the undersigned recommends that the instant Motion to Amend (Docket No. 29) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

---

[3] As the Tennessee Supreme Court has stated, "it is clear that the legislature intended the THRA to be coextensive with federal law." *Carr v. United Parcel Service,* 955 S.W. 2d 832, 834 (Tenn. 1997). Tennessee courts therefore apply the same burden-shifting analysis. *Allen v. McPhee,* 240 S.W. 3d 803, 819 (Tenn. 2007).

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge